IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

| | |
|---|---|
| **GORDON FOOD SERVICE, INC.,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) <br> ) |
| v. | ) Case No. |
| **COSI, INC.,** | ) <br> ) <br> ) |
| **Defendant.** | ) <br> ) |

## COMPLAINT

Plaintiff, Gordon Food Service, Inc. ("GFS"), by and through its undersigned counsel, for its Complaint against Defendant, Cosi, Inc. ("Cosi"), states as follows:

### I. PARTIES

1. GFS is a corporation organized and existing under the laws of the State of Michigan and has a principal place of business located at 1300 Gezon Parkway SW, Wyoming, MI 49509. GFS is the largest family-operated broadline food distribution company in North America, serving food service operations such as restaurants, schools, universities, and hospitals.

2. Cosi is a corporation organized and existing under the laws of the State of Massachusetts and has a principal place of business located at 500 Rutherford Avenue, Suite 130, Charlestown, MA 02129.

3. According to Cosi's records with the Secretary of State of Massachusetts, Cosi's registered agent is CT Corporation System, located at 155 Federal Street, Suite 700, Boston, MA 02110.

## II.  JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.  The Court has supplemental jurisdiction over GFS's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. 1391 as the wrongful acts that are the subject matter of this lawsuit injured GFS in the Western District of Michigan and a substantial part of the events or omissions giving rise to GFS' claims occurred in this District.

## III.  FACTUAL BACKGROUND

6. Cosi is a fast-casual restaurant chain with locations across the United States.  It also packages and sells food products bearing its label from each location (the "Proprietary Products").

7. On March 10, 2016, Cosi executed the Cosi, Inc. Foodservice Distribution Agreement, a true and correct copy of which is attached hereto as **Exhibit A** (the "Agreement"), in order for Distribution Market Advantage, Inc. and its distributors, Ben E. Keith Company and GFS, to provide foodservice distribution services, including food items and related products, to Cosi's various restaurant locations.

8. From approximately October 2018 through January 2019, Cosi frequently purchased goods from GFS pursuant to the terms and conditions memorialized by and agreed to in the Agreement.  GFS delivered those goods to Cosi and issued invoices totaling $1,232,333.52 (the "Past Due Balance") in connection with the goods purchased by Cosi.

9. GFS issued written notice of default and made demand upon Cosi for payment of the Past Due Balance, but Cosi has not remitted payment for any portion of the Past Due

Balance. A true and correct copy of GFS's written notice of default is attached hereto as **Exhibit B.**

10. The express terms of the Agreement require Cosi to pay all charges pursuant to the terms set forth on the invoices that are issued to Cosi. The Agreement also provides that the entire outstanding balance due to GFS plus interests becomes due in full immediately upon written notice of Cosi's default in payment of any invoice.

11. In addition, Cosi terminated the Agreement effective as of February 8, 2019. A true and correct copy of Cosi's termination notice is attached hereto as **Exhibit C.**

12. The express terms of the Agreement require Cosi to purchase all remaining inventory of Proprietary Products held by GFS. This amount totals $92,960.00 (the "Proprietary Products Balance").

13. Cosi has not remitted payment for any portion of the Proprietary Products Balance.

14. As of the time of the filing of this complaint, Cosi owes GFS $1,325,293.52 (the "Total Balance Due"), representing the sum of the Past Due Balance and the Proprietary Products Balance.

15. The Agreement also provides that Cosi shall pay all costs of collection incurred by GFS, including reasonable attorneys' fees and expenses, should a default of Cosi's payment or other obligations under the Agreement occur.

## COUNT I
### (Breach of Contract)

16. GFS repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 15 of this Complaint.

17. Cosi is in default because it has not paid the amounts due under the invoices issued pursuant to the Agreement. A detailed history of Cosi's account with GFS which reflects these amounts is attached hereto as **Exhibit D**.

18. Cosi has breached its obligations under the Agreement by failing to make all payments to GFS required by the Agreement, which now totals $1,325,293.52 plus interest, costs, and reasonable attorneys' fees.

19. Due to Cosi's ongoing breach, GFS has suffered and continues to suffer damages in an amount not less than $1,325,293.52, plus interest, costs, and reasonable attorneys' fees.

20. GFS has complied with all of its obligations under the Agreement and the invoices issued to Cosi.

**WHEREFORE**, Plaintiff GFS respectfully requests that this Court enter judgment in its favor and against Cosi:

    (a) awarding damages in favor of GFS and against Cosi in the amount of $1,325,293.52, plus interest, costs, and reasonable attorneys' fees; and

    (b) granting such other and further relief as this Court deems fair and equitable.

### COUNT II
### (Quantum Meruit)

21. GFS repeats, realleges, and incorporates by reference the allegations in paragraphs 1-15 of this Complaint.

22. During the months of October 2018 through January 2019, Cosi received goods that were provided by GFS or incurred other costs on its account with GFS.

23. At all pertinent times, Cosi understood that GFS expected payment for the goods provided in connection with the Agreement and related invoices.

24. Cosi failed to remit payment to GFS for various goods provided to and costs incurred by Cosi from October 2018 through January 2019.

25. As a result of Cosi's failure to remit payment, Cosi is liable to GFS for the benefit conferred upon it by the provision of the goods provided in connection with the Agreement and related invoices.

26. As a direct result of Cosi's failure to tender full payment to GFS for the value of the goods provided in connection with the Agreement and related invoices, GFS has suffered damages.

27. Due to Cosi's failure to make full payment to GFS in an amount representing the value of the benefit conferred upon Cosi for the goods, which amount is not less than $1,325,293.52, exclusive of interest, costs, and reasonable attorneys' fees, Cosi has benefitted and has been unjustly enriched at the expense of GFS.

**WHEREFORE**, Plaintiff GFS respectfully requests that this Court enter judgment in its favor and against Cosi:

(a) awarding damages in favor of GFS and against Cosi in the amount of $1,325,293.52, plus interest, costs, and reasonable attorneys' fees; and

(b) granting such other and further relief as this Court deems fair and equitable.

## COUNT III
### (Unjust Enrichment)

28. GFS repeats, realleges, and incorporates by reference the allegations in paragraphs 1-15 of this Complaint.

29. Cosi has failed to pay GFS the amount of $1,325,293.52, exclusive of interest, costs, and reasonable attorneys' fees, despite due demand made by GFS.

30. GFS has complied with all of its obligations under the Agreement executed by Cosi and the invoices issued to Cosi.

31. As a result of Cosi's failure to honor its obligations to GFS, Cosi has been unjustly enriched in an amount that is not less than $1,325,293.52, exclusive of interest, costs, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff GFS respectfully requests that this Court enter judgment in its favor and against Cosi:

(a) awarding damages in favor of GFS and against Cosi in the amount of $1,325,293.52, plus interest, costs, and reasonable attorneys' fees; and

(b) granting such other and further relief as this Court deems fair and equitable.

## COUNT IV
### (Account Stated)

32. GFS repeats, realleges, and incorporates by reference the allegations in paragraphs 1-15 of this Complaint.

33. GFS has performed all of its obligations under the terms of the Agreement by tendering delivery of the goods pursuant to Cosi's requests.

34. GFS forwarded invoices to Cosi detailing the amounts due to GFS for each underlying transaction.

35. As evidenced by the Agreement, Cosi agreed to pay for the goods.

36. Cosi has failed to pay GFS the outstanding amount of $1,325,293.52, exclusive of interest, costs, and reasonable attorneys' fees, despite due demand made by GFS.

37. As a result of Cosi's failure to pay, an account was stated between GFS and Cosi showing a balance of $1,325,293.52, exclusive of interest, costs, and reasonable attorneys' fees.

38. No other proceeding other than this action has been commenced to recover this debt.

39. GFS is entitled to judgment from Cosi in the outstanding sum of $1,325,293.52, exclusive of interest, costs, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff GFS respectfully requests that this Court enter judgment in its favor and against Cosi:

    (a) awarding damages in favor of GFS and against Cosi in the amount of $1,325,293.52, plus interest, costs, and reasonable attorneys' fees; and

    (b) granting such other and further relief as this Court deems fair and equitable.

Dated: April 18, 2019　　　　　　　　　　Respectfully submitted,

GORDON FOOD SERVICE, INC.

By: /s/ Jason M. Torf
Jason M. Torf
Riele J. Sims (*pro hac vice* pending)
ICE MILLER LLP
200 W. Madison St.
Suite 3500
Chicago, Illinois 60606
(312) 726-6244 (phone)
(312) 726-6214 (facsimile)
jason.torf@icemiller.com
riele.sims@icemiller.com

*Counsel for Gordon Food Service, Inc.*