# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# GRAND RAPIDS DIVISION

GORDON FOOD SERVICE, INC.

         Plaintiff,

v.

COSI, INC.

)   Case No.: 1:19-cv-00296
)   Hon. Robert J. Jonker
)   Hon. Ray Kent, Magistrate Judge

| JASON M. TORF <br> RIELE J. SIMS (*pro hac vice* pending) <br> ICE MILLER LLP <br> Attorneys for Plaintiff, Gordon <br>  Food Service, Inc. <br> 200 W. Madison St., Suite 3500 <br> Chicago, IL 60606 <br> (313) 726-6244 <br> (313) 726-6214 (fax) <br> Jason.torf@icemiller.com <br> Riele.sims@icemiller.com | ALAN J. TAYLOR (P51660) <br> SEGAL MCCAMBRIDGE SINGER & MAHONEY <br> Attorney for Defendant Cosi, Inc. <br> 29100 Northwestern Highway, Suite 240 <br> Southfield, MI 48034 <br> (248) 994-0060 / (248) 994-0061 (fax) <br> ataylor@smsm.com |
|---|---|

## DEFENDANT COSI, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, Cosi, Inc., by and through its attorneys, Alan J. Taylor and Segal McCambridge Singer & Mahoney, hereby answers the Complaint of Plaintiff Gordon Food Service, Inc. stating as follows:

### I.    PARTIES

1.    GFS is a corporation organized and existing under the laws of the State of Michigan and has a principal place of business located at 1300 Gezon Parkway

SW, Wyoming, MI 49509. GFS is the largest family-operated broadline food distribution company in North America, serving food service operations such as restaurants, schools, universities, and hospitals

**ANSWER:**

**Answering Paragraph 1 of the Complaint, Defendant neither admits nor denies the allegations contained therein for lack of knowledge or sufficient information upon which to form a belief thereto and leaves the Plaintiff to its strict proofs thereof.**

2. Cosi is a corporation organized and existing under the laws of the State of Massachusetts and has a principal place of business located at 500 Rutherford Avenue, Suite 130, Charlestown, MA 02129.

**ANSWER:**

**Answering Paragraph 2 of the Complaint, Defendant admits that Cosi is a Delaware corporation organized in the State of Delaware. Cosi is registered to do business as a foreign corporation in Massachusetts.**

3. According to Cosi's records with the Secretary of State of Massachusetts, Cosi's registered agent is CT Corporation System, located at 155 Federal Street, Suite 700, Boston, MA 02110.

**ANSWER:**

**Answering Paragraph 3 of the Complaint, Defendant admits that its Registered Agent on file in Delaware, where it is organized, is Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.**

## JURISDICTION AND VENUE

4.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000. The Court has supplemental jurisdiction over GFS's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**

**Answering Paragraph 4 of the Complaint, Defendant neither admits nor denies the allegations contained therein for lack of knowledge or sufficient information upon which to form a belief thereto and leaves the Plaintiff to its strict proofs thereof.**

5.  Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. 1391 as the wrongful acts that are the subject matter of this lawsuit injured GFS in the Western District of Michigan and a substantial part of the events or omissions giving rise to GFS' claims occurred in this District.

**ANSWER:**

**Answering paragraph 5 of the complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

## FACTUAL BACKGROUND

6. Cosi is a fast-casual restaurant chain with locations across the United States. It also packages and sells food products bearing its label from each location (the "Proprietary Products").

**ANSWER:**

**Answering Paragraph 6 of the Complaint, Defendant admits that Cosi is a fast-casual restaurant chain with locations the United States. Cosi denies that it also packages and sells food products bearing its label from each location. In further answering, "Proprietary Products" include products labeled under the Cosi name as well as products used by Defendant that are carried in Plaintiff's warehouse because Defendant uses in its operations that are not Plaintiff's standard stocked products.**

7. On March 10, 2016, Cosi executed the Cosi, Inc. Foodservice Distribution Agreement, a true and correct copy of which is attached hereto as **Exhibit A** (the "Agreement"), in order for Distribution Market Advantage, Inc. and its distributors, Ben E. Keith Company and GFS, to provide foodservice distribution services, including food items and related products, to Cosi's various restaurant locations.

**ANSWER:**

**Answering Paragraph 7 of the Complaint, Defendant admits that a Foodservice Distribution Agreement executed by Cosi is attached as Exhibit A. In further answering, Defendant denies any claims asserted by Plaintiff that are inconsistent with the express terms of Exhibit A.**

8. From approximately October 2018 through January 2019, Cosi frequently purchased goods from GFS pursuant to the terms and conditions memorialized by and agreed to in the Agreement. GFS delivered those goods to Cosi and issued invoices totaling $1,232,333.52 (the "Past Due Balance") in connection with the goods purchased by Cosi.

**ANSWER:**

**Answering Paragraph 8 of the Complaint, Cosi admits that goods were purchased from Plaintiff. Cosi denies Gordon Food Service is owed the amount claimed in this lawsuit, at a minimum, due to overpricing. Cosi further states that Exhibit A speaks for itself and Cosi denies any claims that are inconsistent with its express terms.**

9. GFS issued written notice of default and made demand upon Cosi for payment of the Past Due Balance, but Cosi has not remitted payment for any portion of the Past Due Balance. A true and correct copy of GFS's written notice of default is attached hereto as **Exhibit B.**

**ANSWER:**

**Answering Paragraph 9 of the Complaint, Defendant admits Gordon Food Service issued a letter dated February 21, 2019 which is attached to the Complaint as Exhibit B. In further answering, Defendant states that Exhibit B speaks for itself and denies any claims inconsistent with its terms. Cosi denies Gordon Food Service's claim that the balance set forth in Exhibit B is due, at a minimum, due to overpricing.**

10. The express terms of the Agreement require Cosi to pay all charges pursuant to the terms set forth on the invoices that are issued to Cosi. The Agreement also provides that the entire outstanding balance due to GFS plus interests becomes due in full immediately upon written notice of Cosi's default in payment of any invoice.

**ANSWER:**

**Answering Paragraph 10 of the Complaint, Defendant neither admits nor denies the allegations contained therein as it calls for legal conclusion and Plaintiff is left to its strict proofs thereof. In further answering, Defendant states that Exhibit A speaks for itself and Cosi denies any claims inconsistent with the express terms of Exhibit A.**

11. In addition, Cosi terminated the Agreement effective as of February 8, 2019. A true and correct copy of Cosi's termination notice is attached hereto as **Exhibit C.**

**ANSWER:**

**Answering Paragraph 11 of the Complaint, Defendant admits that Exhibit C is a letter from Cosi to Gordon Food Service terminating the parties Food Service Distribution Agreement. In further answering, Defendant states Exhibit C speaks for itself and Cosi denies any claims inconsistent with Exhibit C.**

12. The express terms of the Agreement require Cosi to purchase all remaining inventory of Proprietary Products held by GFS. This amount totals $92,960.00 (the "Proprietary Products Balance").

**ANSWER:**

**Answering Paragraph 12 of the Complaint, Defendant neither admits nor denies the allegations contained therein as it calls for legal conclusion and Plaintiff is left to its strict proofs thereof. In further answering, Defendant states that Exhibit A speaks for itself and Cosi denies any claims inconsistent with the express terms of Exhibit A.**

13. Cosi has not remitted payment for any portion of the Proprietary Products Balance.

**ANSWER:**

**Answering Paragraph 13 of the Complaint, Defendant admits the allegations contained therein.**

14. As of the time of the filing of this complaint, Cosi owes GFS $1,325,293.52 (the "Total Balance Due"), representing the sum of the Past Due Balance and the Proprietary Products Balance.

**ANSWER:**

**Answering Paragraph 14 of the Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

15. The Agreement also provides that Cosi shall pay all costs of collection incurred by GFS, including reasonable attorneys' fees and expenses, should a default of Cosi's payment or other obligations under the Agreement occur.

**ANSWER:**

**Answering Paragraph 15 of the Complaint, Defendant neither admits nor denies the allegations contained therein as it calls for legal conclusion and Plaintiff is left to its strict proofs thereof. In further answering, Defendant states that Exhibit A speaks for itself and Cosi denies any claims inconsistent with the express terms of Exhibit A.**

**COUNT I**
**(Breach of Contract)**

16. GFS repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 15 of this Complaint.

**ANSWER:**

**Answering Paragraph 16 of the Complaint, Defendant incorporates its responses to the preceding Paragraphs 1-15 as though fully stated herein.**

17. Cosi is in default because it has not paid the amounts due under the invoices issued pursuant to the Agreement. A detailed history of Cosi's account with GFS which reflects these amounts is attached hereto as **Exhibit D.**

**ANSWER:**

**Answering Paragraph 17 of the Complaint, Defendant denies that Cosi is in Default. Plaintiff was the first party to breach the Agreement. In further answering, Exhibit D speaks for itself and Cosi denies the accuracy of the same due to ovepricing.**

18. Cosi has breached its obligations under the Agreement by failing to make all payments to GFS required by the Agreement, which now totals $1,325,293.52 plus interest, costs, and reasonable attorneys' fees.

**ANSWER:**

**In answering Paragraph 18 of the Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

19. Due to Cosi's ongoing breach, GFS has suffered and continues to suffer damages in an amount not less than $1,325,293.52, plus interest, costs, and reasonable attorneys' fees.

**ANSWER:**

**In answering Paragraph 19 of the Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

20. GFS has complied with all of its obligations under the Agreement and the invoices issued to Cosi.

**ANSWER:**

**In answering Paragraph 20 of the Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Count I of Plaintiff's Complaint with prejudice and award Cosi attorney fees, costs and such other and further relief as the Court deems to be equitable and just.

### COUNT II
### (Quantum Meruit)

21. GFS repeats, alleges, and incorporates by reference the allegations in paragraphs 1-15 of this Complaint.

**ANSWER**:

**Answering Paragraph 21 of the Complaint, Defendant incorporates its responses to the preceding Paragraphs 1-20 as though fully stated herein.**

22. During the months of October 2018 through January 2019, Cosi received goods that were provided by GFS or incurred other costs on its account with GFS.

**ANSWER:**

**Answering Paragraph 22 of the Complaint, Defendant admits the allegations contained therein.**

23. At all pertinent times, Cosi understood that GFS expected payment for the goods provided in connection with the Agreement and related invoices.

**ANSWER:**

**Answering Paragraph 23 of the Complaint, Defendant admits the allegations contained therein.**

24. Cosi failed to remit payment to GFS for various goods provided to and costs incurred by Cosi from October 2018 through January 2019.

**ANSWER:**

**Answering Paragraph 24 of the Complaint, Defendant admits that it has not paid the charges claimed by Gordon Food Service in this lawsuit. In further answering, Gordon Food Service first breached the Contract and overcharged Cosi.**

25. As a result of Cosi's failure to remit payment, Cosi is liable to GFS for the benefit conferred upon it by the provision of the goods provided in connection with the Agreement and related invoices.

**ANSWER: Answering Paragraph 25 of the Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

26. As a direct result of Cosi's failure to tender full payment to GFS for the value of the goods provided in connection with the agreement and related invoices, GFS has suffered damages.

**ANSWER:**

**In answering Paragraph 26 of the Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

27. Due to Cosi's failure to make full payment to GFS in an amount representing the value of the benefit conferred upon Cosi for the goods, which amount is not less than $1,325,293.52, exclusive of interest, costs, and reasonable attorneys' fees, Cosi has benefitted and has been unjustly enriched at the expense of GFS.

**ANSWER:**

**In answering Paragraph 27 of the Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Count II of Plaintiff's Complaint with prejudice and award Cosi attorney fees, costs and such other and further relief as the Court deems to be equitable and just.

## COUNT III
### (Unjust Enrichment)

28. GFS repeats, realleges, and incorporates by reference the allegations in paragraphs 1-15 of this Complaint.

**ANSWER:**

**Answering Paragraph 28 of the Complaint, Defendant incorporates its responses to the preceding Paragraphs 1-27 as though fully stated herein.**

29. Cosi has failed to pay GFS the amount of $1,325,293.52, exclusive of interest, costs, and reasonable attorneys' fees, despite due demand made by GFS.

**ANSWER:**

**Answering Paragraph 29 of the Complaint, Defendant admits Gordon Food Service demanded payment from Cosi. Cosi admits that it has not paid the charges claimed by Gordon Food Service in this lawsuit due to, at a minimum, Gordon Food Service first breaching the Agreement and overcharging Cosi.**

30. GFS has complied with all of its obligations under the Agreement executed by Cosi and the invoices issued to Cosi.

**ANSWER:**

**In answering Paragraph 30 of the Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

31. As a result of Cosi's failure to honor its obligations to GFS, Cosi has been unjustly enriched in an amount that is not less than $1,325,293.52, exclusive of interest, costs, and reasonable attorneys' fees.

**ANSWER:**

**In answering Paragraph 31 of the Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Count III of Plaintiff's Complaint with prejudice and award Cosi attorney fees, costs and such other and further relief as the Court deems to be equitable and just.

### COUNT IV
### (Account Stated)

32. GFS repeats, realleges, and incorporates by reference the allegations in paragraphs 1-15 of this Complaint.

**ANSWER:**

**Answering Paragraph 32 of the Complaint, Defendant incorporates its responses to the preceding Paragraphs 1-31 as though fully stated herein.**

33. GFS has performed all of its obligations under the terms of the Agreement by tendering delivery of the goods pursuant to Cosi's requests.

**ANSWER:**

**Answering Paragraph 33 of the Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

34. GFS forwarded invoices to Cosi detailing the amounts due to GFS for each underlying transaction.

**ANSWER:**

**Answering Paragraph 34 of the Complaint, Defendant neither admits nor denies the allegations contained therein for lack of knowledge or sufficient information upon which to form a belief thereto and leaves the Plaintiff to its strict proofs thereof.**

35. As evidenced by the Agreement, Cosi agreed to pay for the goods.

**ANSWER:**

**Answering Paragraph 35 of the Complaint, Defendant neither admits nor denies the allegations contained therein as it calls for legal conclusion and Plaintiff is left to its strict proofs thereof.**

36. Cosi has failed to pay GFS the outstanding amount of $1,325,293.52, exclusive of interest, costs, and reasonable attorneys' fees, despite due demand made by GFS.

**ANSWER:**

**Answering Paragraph 36 of the Complaint, Defendant denies the outstanding amount as claimed by Gordon Food Service is accurate, at a minimum, due to overpricing.**

37. As a result of Cosi's failure to pay, an account was stated between GFS and Cosi showing a balance of $1,325,293.52, exclusive of interest, costs, and reasonable attorneys' fees.

**ANSWER:**

**Answering Paragraph 37 of the Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

38. No other proceeding other than this action has been commenced to recover this debt.

**ANSWER:**

**Answering Paragraph 38 of the Complaint, Defendant admits the allegations contained therein.**

39. GFS is entitled to judgment from Cosi in the outstanding sum of $1,325,293.52, exclusive of interest, costs, and reasonable attorneys' fees.

**ANSWER:**

**Answering Paragraph 39 of the Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.**

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Count IV of Plaintiff's Complaint with prejudice and award Cosi attorney fees, costs and such other and further relief as the Court deems to be equitable and just.

## AFFIRMATIVE DEFENSES

Cosi, Inc. hereby alleges the following affirmative defenses without conceding that it necessarily bears the burden of proof or persuasion on any of the same.

## FIRST AFFIRMATIVE DEFENSE

Gordon Food Service is precluded from enforcing a contract that it first materially breached.

## SECOND AFFIRMATIVE DEFENSE

Gordon Food Service's damage claims, at a minimum, must be reduced by all Gordon Food Services overcharges to Cosi.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's Complaint and the relief sought therein is barred in whole or in part by the legal and equitable doctrines of waiver, estoppel, unclean hands, and laches.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff failed to make every reasonable effort to mitigate, prevent and/or reduce its alleged damages and injuries.

## FIFTH AFFIRMATIVE DEFENSE

That all or portions of Plaintiff's Complaint fail to state a claim upon which relief can be granted against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

That venue is improper and inconvenient and this lawsuit be removed from its current venue.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add its Answer and to Rely upon all Affirmative Defenses as may be hereafter disclosed by way of discovery.

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award Cosi attorney fees, costs and such other and further relief as the Court deems to be equitable and just.

Respectfully submitted,

**Segal McCambridge Singer & Mahoney**

*/s/ Alan J. Taylor*
Alan J. Taylor (P51660)
*Attorneys for Defendant Cosi, Inc.*
29100 Northwestern Highway, Suite 240
Southfield, MI 48034
ataylor@smsm.com

Dated: August 27, 2019   Tel: 248-994-0060

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2019, I electronically filed a copy of **Defendant, Cosi, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint** with the Clerk of the Court for the Western District of Michigan, Grand Rapids Division, using the CM/ECF System, which will send notifications to all parties of record.

                                                                */s/    Kelly Solak*